CASE 85—PETITION EQUITY—MAY 25.

# Northwestern Insurance Co. vs. Atkins.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

1. The assured, after he has sustained a loss, must, substantially, comply with the conditions set forth in his policy before a right of action accrues to him for losses, unless the right to insist upon such preliminary conditions be waived. (*Angell on Fire Ins., secs.* 223 *to* 248; *Phillips on Ins., p.* 497; *Columbia Ins. Co., of Alexandria, vs. Lawrence,* 10 *Peters,* 509; *Smith, &c., vs. Haverhill Mutual Fire Ins. Co.,* 1 *Allen,* 297.) But such conditions have generally been liberally expounded and held to require only the best evidence of the fact which the party possesses at the time. (*Phillips on Ins.,* 498.) It does not appear that the claimant is bound to comply with these requirements with technical strictness, either as to time or manner.

2. Although the assured had not taken the necessary steps to render his claim for losses payable, his claim was a valuable right, subject to attachment by the laws of this State, in the hands of the Insurance Company; and, being so attached, if the assured still failed to furnish the preliminary evidence of the loss, &c., his attaching creditor could do so, by taking the testimony of the assured and others, and, under the circumstances, the proof made by the depositions of the assured and the magistrate may be taken as in place of the preliminary proof mentioned in the policy.

Wm. Atwood,                                      For Appellant,

CITED—

*Angell & Ames on Fire and Life Ins.,* 3d ed'n, sec. 225.

*Phillips on Ins., secs.* 1806–7–8–12.

1 *Wright's (Ohio) R.,* 548; *Harris vs. Protection Ins. Co.*

3 *Robinson (La.),* 384; *Battaile vs. Merchants' Ins. Co.*

8 *Robinson (La.),* 442; *Wrightman vs. Western M. and T. Ins. Co.*

2 *Gray* (*Mass.*), 480; *Nelconn vs. People's Equitable M. and F. Ins. Co.*

1 *Allen* (*Mass.*), 297; *Smith vs. Haverhill M. and T. Ins. Co.*

38 *Penn.*, 130; 13 *Maine*, 265.

9 *Wendell*, 163; *Cornell vs. Leroy.*

10 *Peters*, 507; *Columbia Ins. Co. vs. Lawrence.*

1 *Chitty's Pleadings*, 325–6, *9th Am. ed'n from 6th London.*

6 *Term Reports*, 710.

1 *vol. U. S. Stat. at Large, p.* 122.

3 *Barr's* (*Penn.*) *R.*, 483; *Lathrop vs. Blake.*

24 *New York R.*, 394; *Morris vs. Patchen.*

*Revised Stat., ch.* 35, *sec.* 18, 1 *Stant.*, 468.

10 *Barr's* (*Penn.*) *R.*, 157; *Snyder vs. Wise.*

*Hill & Denio's R.*, 360; *Cole vs. Stone.*

3 *Day's* (*Conn.*) *R.*, 363; *Bissell vs. Edwards.*

23 *Vermont*, 448; *Brown vs. Edson.*

4 *McLean*, 199; *Catlen vs. Underhill.*

3 *Casey* (27 *Penn.*), 479; *State of Ohio vs. Henchman.*

*Drake on Attachment*, 3d *ed'n, secs.* 458, 462.

3 *Hill*, 501; *Roberts vs. Chenango M. Ins. C.*

2 *Comstock*, 210; *Murdock vs. Chenango M. Ins. Co.*

9 *Barbour*, 191; *Sexton vs. Montgomery Co. Mut. Ins. Co.*

2 *Duvall*, 379; *Berry vs. Southern Bank.*

*Story on Bills, secs.* 283, 327, 365.

A. M. GAZLEY,                                    For Appellee,

CITED—

10 *Peters*, 514; *Columbia Ins. Co. vs. Lawrence.*

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

On the 10th day of September, 1860, the Northwestern Insurance Company, of Oswego, New York, by its agen-

cy at Louisville, Kentucky, granted to Edward H. Nock, of Paris, Tennessee, a policy of insurance, to continue in force until the first day of September, 1861, whereby said company insured said Nock, according to certain terms and conditions, against loss or damage by fire to the amount of two thousand two hundred dollars, of which the sum of one thousand two hundred dollars was on a two-story brick building of said Nock's, in said town of Paris, two hundred dollars on a contiguous house, and the residue of eight hundred dollars on certain dental instruments, books, and furniture belonging to Nock, and, at the time, in said first named house.

Afterwards, about the 20th of June, 1861, said two-story house and the dental instruments, books, and furniture therein, were consumed by fire, during the absence of Nock in the State of Illinois, and apparently without his fault or the existence of either of the causes expressed in the policy as operating, at the time of the burning, to avoid the insurance.

Said Nock having remained in the State of Illinois, where he had gone on account of physical affliction, and being indebted to Mary S. Atkins in about one thousand seven hundred and fifty dollars, evidenced by judgments obtained in Tennessee, she brought this suit in equity in the Louisville chancery court, on the 12th day of July, 1861, against Nock and the Insurance Company, exhibiting her claims, and alleging the non-residence of Nock, and that the Insurance Company was indebted to him upon said policy in the sum of two thousand two hundred dollars, of which she prayed to have the amount of her claims against Nock attached and adjudged to her.

The Insurance Company defended the action, controverting the sufficiency of the record evidences of the

plaintiff's claims against Nock exhibited by her, and denying the right either of Nock, or the plaintiff as his attaching creditor, to recover on account of said insurance, because, by the terms of the policy, any loss under it was only to be paid after notice and proof thereof made by the assured, in conformity to the conditions annexed to the policy; and that, by one of said conditions, it was stipulated " that all persons insured by said company, and sustaining loss or damage by fire, are forthwith to give notice thereof to the company, and as soon after as possible to deliver in a particular account of such loss or damage, signed with their own hands, and verified with their oath or affirmation;" and that they should also " declare on oath whether any, and what, other insurances have been made on the same property; what was the whole value of the subject insured; what was their interest therein; in what general manner the building insured, or containing the subject insured, and the several parts thereof, were occupied at the time of loss, and who were the occupants of such building; and when and how the fire originated, as far as they know or believe. They shall also procure a certificate, under the hand and seal of a magistrate or notary public (most contiguous to the place of fire, and not concerned in the loss as a creditor or otherwise, or related to the insured or sufferers), stating that he has made due inquiry into the cause and origin of the fire, and also as to the value of the property destroyed, and he is acquainted with the character and circumstances of the person or persons insured, and does know, or verily believes that he, she, or they really, and by misfortune, and without fraud or evil practice, hath or have sustained, by such fire, loss or damage to the amount therein mentioned; and the claimant shall also, if re-

quired, submit to an examination, under oath, by the agent or attorney of the company, and answer all questions touching his or their knowledge of anything relating to such loss or damage, or to their claim therefor, and subscribe such examination, the same being reduced to writing; *and until such proof, declaration, and certificate are produced, and examination if required, the loss shall not be payable.*"

And the answer which was filed in November, 1865, alleges an entire failure of both the plaintiff and Nock to comply with any of the requirements of said recital conditions, and relies on such failure as a bar to any recovery in the action against the Insurance Company. The court adjudged that the plaintiff recover against said Insurance Company one thousand four hundred and ninety-eight dollars and fifty cents in discharge of its liability to Nock, and in satisfaction of so much of the plaintiff's claims against him, but to bear interest only from the 26th day of April, 1867, that being at the expiration of sixty days after the deposition of Nock had been filed in the cause; and the court adjudged to the Insurance Company its costs, which had been incurred previous to that time; and from that judgment this appeal is prosecuted.

Although the record evidences filed by the appellee are defectively authenticated, yet, as Nock was before the court by personal service of process, and failed to controvert the plaintiff's claims, which are proved by his own testimony to be just, the objection of the appellant, that said records were not properly authenticated, is not deemed an available ground of reversal.

It is insisted, however, as a further objection, that the non-compliance of Nock with the condition annexed to the policy which we have recited, is fatal to the judg-

ment. The stipulation referred to, providing for the production of preliminary evidence of loss, as a condition precedent to the payment of such loss by the insurer, is not unusual in insurance policies; and it may be regarded as authoritatively settled, that a substantial compliance with such a condition must be made by the claimant before a right of action will accrue to him for losses, unless the right to insist on such preliminary condition be waived. (*Angell on Fire Insurance, secs.* 223 *to* 248; *Phillips on Insurance, p.* 497; *Columbia Insurance Company, of Alexandria, vs. Lawrence,* 10 *Peters,* 509; *Smith, &c., vs. Haverhill Mutual Fire Insurance Company,* 1 *Allen,* 297.) But such conditions have generally been liberally expounded, and held to require only the best evidence of the fact which the party possesses at the time. (*Phillips on Insurance, supra,* 498.) It does not appear that the claimant is bound to comply with these requirements with technical strictness, either as to the time or manner of compliance.

With reference to the appellee's right to proceed *in rem* to subject the liability of the appellants to Nock to the satisfaction of her debt, it should not be overlooked, that, although Nock had not taken the necessary steps to render his claim *payable,* his claim was, nevertheless, a valuable right, which the law of this State permitted the plaintiff to attach in the appellant's hands as security for her debt; and she having done so, it seems to us that, according to a just and reasonable interpretation of the contract of insurance, if Nock still failed to furnish the preliminary evidence, she might proceed to do so by taking the testimony of Nock and others in the usual manner. And this she did; and we concur in the conclusion of the chancellor, " that, under the circumstances, the proof made by the depositions of Nock and the magis-

trate may be taken as in place of the preliminary proof mentioned in the policy," the rights of the appellants being, in our opinion, fully preserved by the provision in the judgment as to interest and costs.

Wherefore, the judgment is affirmed.