# DECISIONS

OF THE

# Court of Appeals of Kentucky

## SPRING TERM, 1914.

### Vicars v. Aetna Life Insurance Company.

(Decided March 13, 1914.)

Appeal from the Kenton Circuit Court
(Common, Criminal Law and Equity Division).

1. Insurance, Life—Pleading.—An exception in the promissory clause of the policy must be negatived by the plaintiff in his petition.
2. Pleading.—A traverse of a negative is not good pleading. The defendant should plead the fact affirmatively if he relies on it.
3. Insurance, Life—Suicide Not Presumed.—Suicide is not presumed and the plaintiff makes out a prima facie case of injury by violent and external means when he shows the deceased died from a pistol wound.
4. Insurance, Life—Suicide of Insured—Insanity.—Though a policy excepts suicide, sane or insane, the insurer is liable if the insured killed himself when so insane as not to know he was taking his own life, or that the act he was doing would probably so result.

B. F. GRAZIANI, HORACE H. ROOT for appellant.

GALVIN & GALVIN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

The Aetna Life Insurance Company issued a policy insuring the life of W. P. Vicars for one year from June 30, 1909, the promissory part of the policy being in these words:

"In consideration of the premium of ten and 00-100 dollars and of the statements in the schedule of warran-

ties endorsed hereon, which statements the insured makes by accepting this policy, and warrants to be true, the Aetna Life Insurance Company, of Hartford, Connecticut, does hereby insure the person named and described in said schedule for the term of 12 months from the 30th day of June 1909, (commencing and ending at twelve o'clock noon, standard time) against disability or death resulting directly and independently of all other causes from bodily injuries effected solely through external, violent and accidental means, suicide, (sane or insane), not included, as follows: * * * * * * Loss of life the principal sum of two thousand dollars."

During the term of the policy, Vicars was found in his room dead, his death resulting from a pistol wound in the forehead; the pistol was lying by him. This suit was brought by T. P. C. Vicars, the beneficiary in the policy to recover thereon. He alleged in his petition that the insured's death resulted directly and independently of all other causes, from bodily injuries effected solely through external, violent and accidental means, but he made no allegation as to suicide. The circuit court sustained the defendant's demurrer to the petition. This was proper, as the exception is contained in the clause of the contract containing the promise which was sued on. (Newman on Pleadings, Sec. 344 and cases cited.)

The plaintiff then amended his petition, and alleged that the deceased did not come to his death by suicide while sane or insane. The defendant by its answer traversed all the allegations of the petition including the allegation that the deceased did not come to his death by suicide while sane or insane. It did not allege affirmatively that the deceased did come to his death by suicide.

It is an old rule of pleadings that two negatives do not make a good issue. (Stephens on Pleading, side page 387). If the defendant desired to rely on the defense that the insured came to his death by suicide, it should have alleged the fact affirmatively.

In this condition of the pleadings the case came on for trial and after the swearing of the jury, the plaintiff tendered an amended petition. The defendant objected and the objection was sustained; and the filing of the petition was refused, but as the order recites "not on account of time but substance." In the amended petition the plaintiff averred that if the deceased did shoot and kill himself, he was at the time so insane that he did not know that he was taking his life, or that such act would

probably result in his death. We infer from the recital of the court's order that he refused to allow the amendment because he was of opinion that there could be no recovery on the policy if the deceased died by suicide, however insane he was at the time. But this is not the rule we have laid down. We have repeatedly held that if the insured was so insane that he did not know that he was taking his life, or that the act that he was committing would probably result in his death, there may be a recovery upon the policy although it provides that the insured shall not be liable in case of death by suicide whether sane or insane. (Inter-Southern Life Insurance Co. v. Boyd, 124 S. W. 333, and cases cited). While there is some conflict of authority on the question in other jurisdictions, the rule it too well settled in this State to be now disturbed.

The beneficiary had no personal knowledge as to the manner of the deceased's death. It is insisted that the amended petition is inconsistent with the original petition. Regularly the plaintiff should have averred that one or the other of two facts was true, and that he did not know which was true, as provided in the Code; but as no objection was made to the pleading or the form of it in the circuit court, we do not think this objection should be made for the first time here; for if the objection had been made in the circuit court, the plaintiff might have cured the defect.

The court refused to allow the plaintiff to introduce evidence showing that the deceased was so insane as not to know what he was doing or that the act which he did would probably result in his death, although he offered to introduce evidence tending to show this. The evidence was rejected perhaps upon the ground that the court was of opinion that this, although true, did not entitle the plaintiff to recover on the policy.

The court instructed the jury that if they believed from the evidence that the deceased did not come to his death by suicide, they should find a verdict for the plaintiff. The jury found for the defendant; and the plaintiff's petition was dismissed. The law does not presume suicide. The evidence may show that the deceased committed suicide but the presumption against suicide entitles the plaintiff to recover unless there is evidence that the insured came to his death by suicide. It is true that the plaintiff if he did not avoid had to aver in his petition that the deceased did not die by suicide, but although he

was required to aver this fact, when he showed that the insured died from a pistol shot, his death made out a *prima facie* case for the plaintiff and the burden shifted to the defendant to show that he died by suicide. (Aetna Life Ins. Co. v. Rustin, 151 Ky., 103.)

On the return of the case to the circuit court the defendant will be allowed to amend its answer; the plaintiff will be allowed to file his amended petition, and if it is objected to on the ground of inconsistency with the original petition, he will be allowed to conform the amended petition to the requirements of the Code.

On the merits of the case, the jury should be instructed that they should find for the plaintiff unless they believe from the evidence that the deceased came to his death by suicide; and that though he died by suicide, they should still find for the plaintiff if they believe from the evidence that he was at the time so insane that he did not know that he was taking his life or did not know that the act he was committing would probably result in his death; but that if he died by suicide the jury should find for the defendant unless they believe from the evidence that at the time he so took his own life he did not know that he was taking his life or did not know that the act he was committing would probably result in his death. On the whole case we are of opinion that a new trial should be granted.

Judgment reversed and cause remanded for further proceedings consistent herewith.