## Philadelphia Life Insurance Company v. Farnsley's Administrator.

(Decided January 6, 1915.)

### Appeal from McCracken Circuit Court.

1. Insurance—Accident—Suicide Clause—Pleading—Necessary Allegations.—In an action to recover for the death of the insured on an accident insurance policy providing "suicide, sane or insane, is not covered," it is not necessary to allege that the insured did not commit suicide.

2. Insurance—Accident—Cause of Death—Pleading—Necessary Allegations.—In an action to recover for the death of the insured on an accident policy providing indemnity for loss of life "resulting directly and independently of all other causes, from bodily injuries effected through external, violent and accidental means," a petition which alleges that the decedent did meet an accidental death effected through external, violent and accidental means, and that decedent "while crossing a gang plank lying between a barge and steamboat, both vessels lying in the Mississippi river near Cairo, Illinois, accidentally slipped from the plank across which he was walking and fell into the Mississippi river between the boat and barge and was drowned," and thus describes the precise circumstances and cause of the decedent's death, is sufficient to negative the idea that other causes than those specified contributed to the decedent's death, and therefore to dispense with the necessity of alleging that his death resulted directly and independently of all other causes, from bodily injuries, etc.

ROSCOE REED and SANDERS E. CLAY for appellant.

BRADSHAW & BRADSHAW for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On December 4, 1912, the Philadelphia Life Insurance Company issued to Frank R. Farnsley a policy insuring him "against accidental death and dismemberment (suicide, sane or insane, is not covered), disability due to either accident, illness or funeral benefit for death from natural causes as hereinafter respectively defined, limited and specified." The material provisions of the policy are as follows:

"Total Accident Disability.

"(A) At the rate of Seventy Dollars per month, for a period of not exceeding twenty-four consecutive months, against total loss of time resulting directly and

independently of all other causes from bodily injuries effected through external, violent and accidental means, and which wholly and continuously from date of accident disable and prevent the Assured from performing every duty pertaining to any business or occupation, and require the regular attendance of a physician or surgeon.''

"Specific Total Losses.

"(C)  Or, if any one of the following specific total losses shall result solely from the injuries described in paragraph A within ninety days from date of accident, the Company will pay, in lieu of any other indemnity,

"For Loss of

"Life, Seven Hundred Dollars (The Principal sum of this Policy).''

On December 23, 1912, the insured was drowned. The Mechanics Trust & Savings Bank, as his administrator, brought this action against the insurance company to recover on the policy. To the petition and the petition as amended, defendant interposed a demurrer, which was overruled. Having declined to plead further, judgment was rendered in favor of plaintiff, and defendant appeals.

The sufficiency of the petition as amended is the only question presented. In addition to certain formal averments, which need not be noticed, the petition contains the following allegations:

"Plaintiff says that on the 4th day of December, 1912, the defendant, the Philadelphia Life Insurance Company, a corporation of Philadelphia, Pa., engaged in the life and accident insurance business, issued and delivered to the plaintiff's decedent its policy of insurance under the terms of which, in consideration of One and 75/100 ($1.75) Dollars, to be paid monthly by the decedent, and which monthly payment for December, 1912, was paid to the defendant by the decedent, the defendant undertook and obligated itself to pay to the defendant's administrator the sum of Seven Hundred ($700.00) Dollars in the event of the loss of the decedent's life, resulting directly and independently of all other causes from bodily injury, effected through external, violent and accidental means. Plaintiff says that on the 23rd day of December, 1912, and during the life of said policy, the decedent did meet an accidental death, effected through external, violent and accidental means.''

The amended petition is as follows:

"Comes the plaintiff, Mechanics Trust & Savings Bank, administrator of the estate of Frank R. Farnsley, deceased, and for amendment to its petition filed herein says, that on the 23rd day of December, 1912, the decedent, Frank R. Farnsley, while crossing a gang plank lying between a barge and steamboat, both vessels lying in the Mississippi River near Cairo, Illinois, accidentally slipped from the plank across which he was walking and fell into the Mississippi River between the boat and barge and was drowned."

It is insisted that the petition as amended is fatally defective for two reasons: (1) It fails to negative the suicide of the insured, which is an exception contained in the promissory clause; (2) it fails to allege that the death of the insured resulted directly and independently of all other causes from bodily injuries effected through external, violent and accidental means.

(1) It is true that there is a class of cases which make a distinction between provisos and exceptions in insurance policies, in so far as the question of pleading is concerned. Provisos are stipulations added to the principal contract to avoid the promise of the insurer by way of defeasance or excuse; and in an action thereon it is incumbent on the insurer to plead them in defense and support them by evidence. Exceptions are clauses taking something out of the general operation of the contract so that the promise is to perform only what remains after the part excepted is taken away; and in actions on policies of insurance containing such clauses, they must not only be negatived by the plaintiff, but he must show by evidence that his case does not fall within the exception. Sohier v. Norwich Fire Ins., Co., 11 Allen, 336. The rule of pleading applicable to such a case is stated as follows:

"If the contract sued on 'contain in it, first, a general clause, and afterwards a separate and distinct clause which has the effect of taking out of the general clause something that would otherwise be included in it, a party, relying upon the general clause, in pleading, may set out that clause only, without noticing the separate and distinct clause which operates as an exception; but, if the exception itself be incorporated in the general clause, then the party relying on it must, in pleading, state it together with the exception.' Com. v. Hart, 11 Cush., 130."

Thus, where the policy of insurance provides that if the insured is killed while engaged in an occupation classed by the insurance company as more hazardous than that stated in his application, his beneficiary is to receive a smaller sum than otherwise, the plaintiff must allege and prove that the insured was not killed in more hazardous occupation. American Accident Ins. Co. v. Carson, 99 Ky., 441, 34 L. R. A., 301, 59 Am. S. R., 473, 36 S. W., 169. The same doctrine was followed in the case of Tolmie v. Fidelity & C. Co., 96 App., Div. 352, 88 N. Y. Supp., 717, affirmed in 183 N. Y., 581, 76 N. E., 1110, where the insurance company agreed to indemnify certain contractors against liability for any damages on account of injuries to third persons caused by the insured or other workmen, but not when the injuries were caused by the sub-contractor or his workmen. It was held that it was the duty of the insured in an action on the policy to allege and prove that the injury for which he sought the company to respond in damages was not caused by the sub-contractor or his workmen. However, it is the generally accepted rule that death by suicide need not be negatived by the pleader. And this is true, we take it, whether the non-liability on account thereof appears in a proviso or an exception, or whether it occurs in the principal clause or in a separate and distinct clause. The reason for the rule is plain. Self-destruction is contrary to the general conduct of mankind. Men love and cling to life with such intensity that the presumption of suicide is utterly abhorrent to the law and cannot be indulged in. Travellers' Ins. Co. v. McConkey, 127 U. S., 661, 32 L. Ed., 308, 8 Sup. Ct. Rep., 1360; Fidelity & Co. Co. v. Love, 49 C. C. A., 602, 111 Fed., 773; National Union v. Thomas, 10 App. D. C., 277; Travellers' Ins. Co. v. Nitterhouse, 11 Ind. App., 155, 38 N. E., 1110; Equitable Life Ins. Co. v. Hebert (Ind. App.), 76 N. E., 1023; Mutual L. Ins. Co. v. Wiswell, 56 Kan., 765, 35 L. R. A., 258, 44 Pac., 996; Leman v. Manhattan L. Ins. Co., 46 La. Ann. 1189, 24 L. R. A., 589, 49 A. S. R., 348, 15 So. 388; Supreme Council R. A. v. Brashears, 89 Md., 624, 73 A. S. R., 244, 43 Atl., 886; Cox v. Royal Tribe, 42 Or., 365, 60 L. R. A., 620, 95 A. S. R., 752, 71 Pac., 73; Continental Ins. Co. v. Delpeuch, 82 Pa., 225; Fisher v. Fidelity Mut. Life Asso., 188 Pa., 1, 41 Atl., 467; Brown v. Sun Life Ins. Co. (Tenn. Ch. App.), 51

L. R. A., 252, 57 S. W., 415; Mutual L. Ins. Co. v. Simpson (Tex. Civ. App.), 28 S. W., 837; Walcott v. Metropolitan L. Ins. Co., 64 Vt., 221, 33 A. S. R., 923, 24 Atl., 992. We therefore conclude that the petition is not defective because of its failure to allege that the insured did not commit suicide.

(2) The next question presented is whether or not the petition as amended is defective because of its failure to allege that decedent's loss of life resulted, directly and independently of other causes, from bodily injuries, etc. Miscellaneous provision (R) of the policy shows conclusively that death by accidental drowning is covered by the policy. The original petition alleges that the decedent "did meet an accidental death, effected through external, violent and accidental means." The amended petition alleges that the decedent "while crossing a gang plank lying between a barge and steamboat, both vessels lying in the Mississippi River, near Cairo, Illinois, accidentally slipped from the plank across which he was walking and fell into the Mississippi River between the boat and barge and was drowned." The latter allegation shows that death was due to drowning, and that the drowning resulted from decedent's accidentally slipping from the plank across which he was walking, and falling into the river. By detailing the precise circumstances of decedent's death, and the precise cause thereof, we conclude that the allegations of the petition and amended petition are sufficient to negative the idea that other causes than those specified contributed to decedent's death, and are therefore sufficient to dispense with the necessity of a further allegation to the effect that the decedent's loss of life resulted directly and independently of all other causes, from bodily injuries, etc. Manifestly, if the case had gone to trial, and plaintiff had proved the precise facts alleged in the petition and amended petition, these facts would have been sufficient to make out a prima facie case against defendant. It follows that the trial court did not err in overruling defendant's demurrer.

Judgment affirmed.