## Security Life Insurance Company of America v. Duncan's Administrator.

(Decided May 30, 1919.)

### Appeal from Daviess Circuit Court.

1. Trial—Closing Argument—Burden of Proof—Reversible Error.—The denial of the right to assume the burden of proof and to have the closing argument is reversible error.

2. Insurance—Life Insurance—Suicide Clause.—A provision, avoiding an insurance policy in the event of the suicide of the insured, while sane or insane, will not be enforced when the insured, at the time of his self destruction, was so insane that he did not have mind enough to know that he was taking his life, or that the act he was committing would probably result in his death.

3. Insurance—Life Insurance—Action on Policy—Petition—Cause of Death—Negativing Death by Suicide While Sane.—In an action on an insurance policy, containing a provision avoiding the policy in the event of the self destruction of the insured, sane or insane, it is not necessary for the petition to negative death by suicide while sane, or to allege affirmatively that the insured came to his death by suicide while insane.

4. Insurance—Life Insurance—Action on Policy—Petition — Sufficiency.—In an action on an insurance policy containing a suicide clause, all that is necessary for the petition to allege is the death of the insured while the policy was in force.

5. Trial—Closing Argument—Burden of Proof.—Where, in an action on an insurance policy, plaintiff does not admit the death of the insured by suicide and pleaded affirmatively that he was insane at the time, but pleads that the insured died either as a result of bronchial pneumonia, or as a result of suicide while insane, plaintiff was not entitled to the burden of proof, since the right of the defendant to the burden could not be taken away by alleging in the alternative two states of fact, when neither was necessary to a recovery.

C. W. WELLS, W. FOSTER HAYES and F. W. BULL for appellant.

F. A. ROBY and LOUIS I. IGLEHEART for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

On March 1, 1916, the Security Life Insurance Company of America issued to Allen N. Duncan a policy insuring his life for $1,000.00 in favor of his estate. The insured died on April 24, 1916, while the policy was in force. The company denied liability, and the administra-

tor of the insured brought this suit to recover on the policy. From a verdict and judgment in favor of plaintiff, the defendant appeals.

The policy contained the following provision:

"In event of self-destruction, sane or insane, or of death in consequence of violation of law, within one year from the date of the policy, the amount payable as a death benefit under the policy shall be equal to one annual premium on the policy and no more."

The original petition set forth the issuance of the policy, its terms, the payment of the premiums and the death of the insured while the policy was in force, but made no reference to the suicide clause. Thereupon the defendant filed a general demurrer, and without waiving the demurrer filed an answer. The answer set forth the suicide clause and pleaded that the insured intentionally destroyed himself, and that his death resulted from, and was caused by, his own acts committed with the intention of destroying himself. Thereafter the demurrer to the petition was sustained for some reason which does not appear. Thereupon plaintiff filed an amended petition containing, in addition to other allegations not necessary to be set out, the following:

"Plaintiff, G. F. Lashbrook, as administrator of the estate of Allen N. Duncan, deceased, states that one or the other of two facts is true, and plaintiff does not know which one of said facts is true, but plaintiff does state that said Allen N. Duncan either died as a direct result of bronchial pneumonia, contracted by him in the evening of the 23rd of April, 1916, or died as a result of an attempt to hang himself while he was insane, and at said time the said Allen N. Duncan was so insane that he did not know that he was taking his life, or that such act would probably result in his death, and plaintiff says that one or the other of said two facts is true, but he does not know which one is true; that said Allen N. Duncan did not commit suicide or destroy himself at a time when he was sane." The defendant's demurrer to the petition as amended was overruled. Later on, plaintiff filed a reply denying that the insured intentionally destroyed himself, or destroyed himself while sane, or that his death resulted from or was caused by his own acts while sane, or was committed with the intention of destroying himself while sane, or resulted from, or was caused by, injuries inflicted upon and by himself with said intent, while sane.

Thereafter, an amended reply was filed alleging substantially the same facts contained in the amended petition. Thereafter, the defendant filed an answer denying the allegations of the amended petition.

Upon this state of the pleadings plaintiff was adjudged the burden of proof.

Plaintiff's evidence shows that the insured was a farmer. He was unmarried and lived with his parents. He owned a farm and a small amount of personalty. He was moral, industrious and sober. It does not appear that he had any troubles of any kind. He was the steward of the church to which he belonged. About March 1st he contracted la grippe. He was in bed for several days, and in his room for about a week longer. During this time he was nervous, melancholy, and those who saw him say that he had a wild expression in his eyes. On Saturday morning, April 22, 1916, he ate breakfast with his mother, sister and brother-in-law. After finishing breakfast he went to a barn, placed a rope around his neck and attempted to hang himself. He was discovered within ten minutes and was taken down. Physicians were summoned and on the following Sunday morning his pulse was normal, his respiration natural and the swelling had subsided.

That evening the windows of the room were left open and the insured had a chill. His fever rose and he contracted bronchial pneumonia, from which he died on Monday morning, about ten o'clock. The attending physician stated in the proof of death that the immediate cause of death was bronchial pneumonia resulting from the contusion and constriction of the upper part of the trachea, and also from the shock caused by the attempt of the insured to hang himself. Upon being acquainted with other conditions, the doctor afterwards qualified his statement to a certain extent.

The first error relied on for a reversal is the refusal of the trial court to permit the defendant to assume the burden of proof, and to have the closing argument. We have frequently ruled that the denial of this right is reversible error. Pitman v. Drown, 175 Ky. 677, 194 S. W. 913; Shirley v. Renick, 151 Ky. 25, 151 S. W. 357; Downs v. Jackson, 128 S. W. 339. Hence, the judgment will have to be reversed if, as a matter of fact, the burden of proof was improperly placed on the plaintiff.

We have repeatedly held that if the insured was so insane that he did not know that he was taking his life, or that the act he was committing would probably result in his death, there may be a recovery upon the policy, although it provides that the insurer shall not be liable in case of death by suicide, sane or insane. Inter-Southern Life Insurance Company v. Boyd, 124 S. W. 333; Vicars v. Aetna Life Insurance Company, 158 Ky. 1, 164 S. W. 106; Sovereign Camp, Woodmen of the World v. Landrum, 158 Ky. 841, 166 S. W. 598. It is also the rule that in a suit on a policy containing a suicide provision similar to the one in question, it is not necessary for the petition to negative death by suicide while sane, or to allege affirmatively that the insured came to his death by suicide while insane. Philadelphia Life Insurance Company v. Farnsley's Admr., 162 Ky. 27, 171 S. W. 1004. Therefore, all that was necessary for plaintiff to allege in this case was that the insured had died while the policy was in force. Under this view of the proper method of pleading, the burden of proof would ordinarily be upon the defendant. It is true that in the case of Sovereign Camp, Woodmen of the World v. Landrum, *supra,* we held that where the petition admitted the suicide and alleged affirmatively the insanity of the insured, the burden of proof was properly placed on the plaintiff. Here, however, plaintiff did not admit the suicide of the insured, but alleged that he died either from bronchial pneumonia or from suicide while insane. In other words, the effect of the allegation was that if he did die from suicide he was insane. Under these circumstances, there was no admission of the suicide, and we are not inclined to extend the doctrine so as to include cases where the suicide of the insured was not admitted. To do so would put it in the power of the pleader, in nearly every case of this kind, to take away from the defendant the burden of proof, by alleging in the alternative two states of fact, when neither was necessary to a recovery. Bush v. Wathen, 104 Ky. 548, 47 S. W. 599. We therefore conclude that defendant was prejudiced by the action of the trial court in placing the burden of proof on the plaintiff.

In view of the foregoing conclusion, we deem it unnecessary to pass on the other questions raised.

Judgment reversed and cause remanded for a new trial consistent with this opinion.