### SAMUEL v
### GEM CITY LIFE INSURANCE CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2146. Decided March 8, 1932

John H. Matthews, Columbus, for plaintiff in error.

Ballard, Jones & Hensel, Columbus, for defendant in error.

KUNKLE, J.

A consideration of the agreed statement of facts and particularly of the contract attached to the answer of defendant in error, and which the agreed statement of facts concedes is a correct copy of the contract of insurance between the automobile company and the defendant in error, forces us to the conclusion that the judgment of the lower court was correct in holding that there is no privity of contract between the plaintiff in error and the defendant in error, and that the plaintiff in error's decedent was not insured for the reason that the provisions of the group policy of insurance had not been complied with. Paragraph 20 of the contract is also as follows:

"Payment of any claim to the assured for indemnity for disability incurred by any insured member hereunder shall be a full acquittance and discharge to the company for such claim and the company shall not be responsible for the application of the proceeds of any such claim by the assured."

Paragraph 17 of the contract provides:

"That the policy shall not cover any person under the age of fifteen years nor over the age of seventy years."

Under paragraph 20 the insurance is payable to the assured, which under the contract is the Automobile Company, and not the member.

We can not escape the conclusion that the defendant in error was entitled to the information above quoted, viz, the name, age, occupation, address, etc., of the member intended to be covered by insurance before the insurance became effective.

From a reading of the contract we are also of opinion that the Automobile Club was the agent for its members in securing insurance for them rather than the agent of the defendant in error to sell its insurance and that the failure of the Automobile Club to comply with the terms of its group insurance contract would be an omission of the Automobile Club rather than of defendant in error.

Entertaining these views, the judgment of the lower court will be affirmed.

ALLREAD, PJ, and HORNBECK, J, concur.