Reversing.
The difficult and perplexing question presented for determination by this appeal is the proper construction of the disability clause of a policy of group insurance, and its application to the facts set forth in the beneficiary's pleading and testimony.
The disability clause contains this language:
 "In the event that any employee while insured under the aforesaid policy and before attaining the age of sixty shall, within six months after the effective date of his insurance * * * become totally disabled by bodily injuries or disease, and in either of said events shall be so disabled as presumably to be continuously prevented for life from engaging in any occupation or performing any work for compensation of financial value, then upon receipt of due proof of such disability before the expiration of one year from the date of its commencement, the Society will * * * pay equal monthly disability-installments," determinable by the Table of Installments set forth in the policy.
It is conceded that the Equitable Life Assurance Society of the United States had issued and delivered to the Consolidation Coal Company a group policy, containing the above clause; Harry Adams was an employee of the Consolidation Coal Company, to whom a certificate had been issued by the Equitable showing his rights under the policy. Asserting his rights thereunder, *Page 728 
he filed this action in the Johnson circuit court to recover of the Equitable the disability benefits covered by the disability clause.
Considering without deciding, that while in the employ of the Consolidation Coal Company, he became totally disabled by disease, and that "he is so disabled as presumably to be continuously prevented for life from engaging in any occupation or performing any work for compensation of financial value," the question remains to be determined: Is he, on the allegations of his petition and his own testimony sustaining the same, entitled to the benefit of the disability clause?
In his petition he alleges "that he is under the age of sixty years, and that while said policy was in full force and effect, and all premiums thereon having been paid, at said time, on the 10th day of March, 1932, he became totally and permanently disabled, etc."
As a witness, he was asked and answered as follows:
 "Q. What I am trying to get at is — when did your disability commence? A. In December.
"Q. 1931? A. Yes, sir."
His answer to another question is:
 "I worked from that [about February 25] until March about the 12th 1932. The best I remember and I just simply had to quit again."
It is conceded that he did not thereafter, as an employee of the Consolidation Coal Company, and prior to the commencement of this action, work for the coal company.
He further testified, and his testimony in this respect is corroborated by that of Drs. Pickelsimer, Castle, and Wells, and the proof of his disability prepared by him and them, that the proof of his disability was prepared on March 23, 1933, and on that day mailed to the Equitable. That his proof of disability was not furnished to the Equitable until March 23, 1933, is not disputed. This statement of facts presents for determination the simple question, whether his failure to furnish proof of his disability before the expiration of one year from the date (December, 1932, according to his own testimony, or March 12, 1933, as alleged in his petition) of its commencement, precludes his recovery. It is his *Page 729 
insistence that the furnishing of the proof of disability on March 23, 1933, was a compliance with this provision of the disability clause; that it was furnished within a reasonable time and within the statute of limitation of five years; therefore, he is entitled to recover.
To sustain this insistence, he cites to us: Equitable Life Ins. Soc. of the U.S. v. Merlock, 253 Ky. 189,69 S.W.2d 12; Ohio National Life Ins. Co. v. Stagner, 231 Ky. 275, 21 S.W.2d 289; Travelers' Ins. Co. v. Turner, 239 Ky. 191, 39 S.W.2d 216; John Hancock Mut. Life Ins. Co. v. Cave, 240 Ky. 56, 40 S.W.2d 1004, 79 A.L.R. 848; Henderson v. Continental Cas. Co., 239 Ky. 93, 39 S.W.2d 209; Hagman v. Equitable Life Assurance Soc. of U.S., 214 Ky. 56,282 S.W. 1112; Continental Cas. Co. v. Linn, 226 Ky. 328,10 S.W.2d 1079; National Life Accident Ins. Co. v. O'Brien's Ex'x,155 Ky. 498, 159 S.W. 1134; Prudential Ins. Co. of America v. Kelsay, 257 Ky. 633, 78 S.W.2d 923; Federal Life Ins. Co. v. Holmes' Committee, 232 Ky. 834, 24 S.W.2d 906; Prudential Ins. Co. of America v. Dismore, 254 Ky. 725, 72 S.W.2d 433, 435; Independent Life Ins. Co. of America v. Downey, 255 Ky. 95, 72 S.W.2d 1008; Commonwealth Life Ins. Co. v. Ovesen, 257 Ky. 622, 78 S.W.2d 745; Prudential Ins. Co. of America v. Bond, 257 Ky. 45, 77 S.W.2d 373; Edge v. Ott, 151 Ky. 672, 152 S.W. 764; Knoxville Tinware Mfg. Co. v. Howard, 219 Ky. 106, 292 S.W. 762; Bowlin v. Archer,157 Ky. 540, 163 S.W. 477; Ætna Life Ins. Co. v. Wells,254 Ky. 650, 72 S.W.2d 33.
An examination of those cases discloses that the questions here presented were not therein considered, except in the Wells, the Kelsay, and the Dismore Cases, and the principles therein reiterated, except in the Dismore Case, are not applicable.
"It is a matter of general knowledge that the policies of insurance companies seldom, if ever, contain the identical terms or conditions, or employ the same words, phrases, or clauses. Therefore, every company's policy must be construed as it is written and applied to the developed facts in the particular case." Mutual Life Ins. Co. of N.Y. v. Smith,257 Ky. 709, 79 S.W.2d 28, 34. It is equally as true that after they are construed by the court, the company frequently alters, *Page 730 
changes, or eliminates the phraseology to escape the court's construction. Commonwealth Life Ins. Co. v. Leete, 224 Ky. 584,6 S.W.2d 1057; Commonwealth Life Ins. Co. v. Gault's Adm'rs, 256 Ky. 625, 76 S.W.2d 618.
An examination of our opinions in the Wells, the Kelsay, and the Dismore Cases, supra, discloses that neither of the policies therein involved contained the requirement of furnishing due proof of disability "before the expiration of one year from the date of its commencement," as does the present one.
As was said in the Dismore Case:
 "We have often held that, where the policy provides that either the giving of notice or the furnishing of proof of disability, or both, are a condition precedent to the insured's right to institute an action or to recover on the policy, such provision is controlling, unless waived by the insurer. Home Ins. Co. of N.Y. v. Roll, 187 Ky. 31, 218 S.W. 471; Standiford v. American Ins. Co., 208 Ky. 731, 271 S.W. 1042; Niagara Fire Ins. Co. v. Layne, 162 Ky. 665, 172 S.W. 1090; Fidelity Phoenix Ins. Co. v. Vincent, 224 Ky. 769, 7 S.W. [2d] 293; Home Ins. Co. of N.Y. v. Johnson, 226 Ky. 594, 11 S.W. [2d] 415; Svea F. 
L. Ins. Co. v. Foxwell, 234 Ky. 95, 27 S.W. [2d] 675; Royal Ins. Co. v. Santamoro, 246 Ky. 787, 56 S.W. [2d] 359. The assured is not required, however, to comply with technical strictness with a provision relating to either the time of giving the notice or the making of proof of his disability before, his right of action accrues or before he is entitled to recover. Northwestern Ins. Co. v. Atkins, 3 Bush, 328, 96 Am. Dec. 239; Dwelling-House Ins. Co. v. Freeman, 12 Ky. Law Rep. 894. Of course, where the insurer denies all liability, proof of disability is not necessary to the maintenance of an action on a policy. Shawnee Fire Ins. Co. v. Roll, 145 Ky. 113, 140 S.W. 49."
In Fidelity Casualty Co. v. Hart, 142 Ky. 25,133 S.W. 996, 998, we said:
 "It may be conceded that where the policy of insurance requires the giving of notice of injury or illness, and specifies a time certain within which the *Page 731 
notice must be given, the condition will be enforced. What the parties to the contract have themselves written down in it as an essential ingredient of a basis for a claim under it may be regarded by the courts as of the essence of the contract, for it may not be assumed that the parties would have entered into the engagement otherwise. There is no prohibition against their contracting for limited liability, or for liability of the insurer conditioned upon the other party's compliance with specified requirements of the contract."
 "This rule is based upon the right of parties to insert in their contract any provision they desire or agree upon and that the court cannot make a contract for the parties under the guise of interpretation or construction by inserting words or phrases not contained in it, or by excluding words or phrases contained in it, but must define the liability of the contractor and determine the right of the contractee, thereunder, according to its words, terms, and conditions as made by the parties themselves. These rules apply to insurance contracts the same as they do to a contract about any other subject. Phoenix Ins. Co. v. Stevenson, 78 Ky. 150; Haselden v. Home Ins. Co. of N.Y., 247 Ky. 530, 57 S.W.2d 459; Jefferson Standard Life Ins. Co. v. Hurt, 254 Ky. 603, 72 S.W. [2d] 20; Commonwealth Life Ins. Co. v. Gault's Adm'rs, 256 Ky. 625, 76 S.W. [2d] 618. It is the duty of the courts to take the words of an insurance policy as they are found in it, and as persons with usual and ordinary understanding would construe them when used to express the purpose for which they were employed, giving the insured the benefit of all doubt as to their meaning. Jefferson Standard Ins. Co. v. Hurt, supra; Commonwealth Life Ins. Co. v. Gault's Adm'rs, supra." Mutual Life Ins. Co. of N.Y. v. Smith, 257 Ky. 709, 79 S.W.2d 28, 32.
In the last-cited case, we summarized the rules requiring the giving of notice or the furnishing proof of disability in such case, in this language:
 "We have often ruled that where a policy requires the giving of notice or the furnishing proof, 'immediately' or 'forthwith,' these terms mean within *Page 732 
a reasonable time, and that the failure to give notice or furnish proof within a reasonable time is fatal, unless notice or proof is waived. Falls City Plumbing Supply Co. v. Potomac Ins. Co., 193 Ky. 734, 237 S.W. 376; Phenix Ins. Co. of Brooklyn v. Coomes, 20 S.W. 900, 14 Ky. Law Rep. 603. Also, where the policy provides proof shall be made within a given time, there can be no recovery unless the proof is made within the time specified. Kenton Ins. Co. v. Downs, 11 Ky. Law Rep. 52. If the policy provides that the proof shall be made within a definite time and stipulates, no action shall be maintained until all of its conditions have been complied with by the assured, the failure to make proof within the specified period will not forfeit the policy, but only postpone the right of action until furnished. Kenton Ins. Co. v. Downs, supra [90 Ky. 236, 13 S.W. 882, 12 Ky. Law Rep. 115]; Dwelling-House Ins. Co. v. Freeman, 12 Ky. Law Rep. 894; National Union Fire Ins. Co. v. Hall, 233 Ky. 337, 25 S.W. [2d] 738. If giving notice or furnishing proof is made a condition precedent to liability on the part of the insurer or if forfeiture is provided for if they are not given, then notice or proof must be given in accordance with the terms of the policy contract. Staples v. Continental Ins. Co., 223 Ky. 842, 5 S.W. [2d] 265; Federal Life Ins. Co. v. Holmes' Committee, 232 Ky. 834, 24 S.W. [2d] 906."
In Brady v. Mutual Department, etc., 215 Ky. 177,284 S.W. 1045, 1046, we said:
 "It was necessary for the beneficiary to prove the death of insured * * * within the time limited as a condition precedent to the right of the beneficiary to recover, unless the association denied all liability."
In Brotherhood of R.R. Trainmen v. Woods, 256 Ky. 613, 76 S.W.2d 911, 915, again we said:
 "The specification of time within which notice or proofs of loss shall be given or made makes time of the essence of the provision, and it must be complied with unless performance is excused or compliance waived. Couch's Cyc. of Insurance, secs. 1538, 1538a; Employers' Liability Assurance Corp. *Page 733 
v. Roehn, 99 Ohio St. 343, 124 N.E. 223, 7 A.L.R. 182."
"It does not require undue diligence upon the part of the insured in the event he becomes disabled, since it affords ample time for making proof so that benefits may be received from the incipiency of the disability. On the other hand, it protects the insurer against stale claims and the difficulty of obtaining first-hand information concerning the merits of a claim because of long lapse of time. Our conclusion is that this provision is valid and should be upheld unless waived or the acts and conduct of the company have been such as to work an estoppel against relying upon it, and no such acts or conduct have been shown here." Western Southern Life Ins. Co. v. Robertson, 255 Ky. 13, 72 S.W.2d 718, 720.
The allegation of Adams' petition and his testimony, without contradiction, show that he did not furnish to the Equitable proof of his disability within twelve months after its commencement, hence it was entitled to a directed verdict. Other questions are discussed in briefs, but, entertaining the views herein expressed, it is unnecessary to consider them.
The judgment is reversed for proceedings consistent with this opinion.