# Equitable Life Assurance Society of United States v. Daniels

### (Decided Nov. 19, 1935.)

WILLIAM MARSHALL BULLITT, EUGENE B. COCHRAN and BRUCE & BULLITT for appellant.

KIRK & WELLS and Z. WELLS for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

The determination of the right of the Equitable Life Assurance Society of the United States to a directed verdict is decisive in this case.

Newt Daniels, an employee of the Consolidation Coal Company at Van Lear, Ky., was the holder of an individual certificate of insurance issued by the Equitable to him as such employee. The policy, in accordance with the terms of which the individual certificate was issued, contains this provision:

"In the event that any employee while insured under the aforesaid policy and before attaining age 60 becomes totally and permanently disabled by bodily injury or disease and will thereby presumably be continuously prevented for life from engaging in any occupation or performing any work for compensation of financial value, upon receipt

of due proof of such disability before the expiration of one year from the date of its commencement, the Society will, in termination of all insurance of such employee under the policy, pay equal monthly disability-installments, the number and amount of which shall be determined by the Table of Installments below. The amount of insurance herein referred to shall be that in force upon the date on which said total and permanent disability commenced.''

On a trial to a jury a verdict of $1,284.75 for Daniels was returned on which a judgment was rendered, directing the payment of this sum in monthly installments of $51.39, beginning the 1st day of May, 1930.

At the conclusion of the evidence in behalf of Daniels, and also at the conclusion of all of the evidence, the Equitable requested the jury be instructed peremptorily to find for it, which was refused.

In his petition Daniels alleges ''that on or about April 1, 1930, he became totally and permanently disabled by disease, being afflicted with pulmonary tuberculosis and chronic otitis media of the right ear,'' and in his testimony he fixed the same date of the commencement of his total and permanent disability.

During the progress of the trial, the parties stipulated that on February 13, 1933, Z. Wells, for Daniels, wrote and mailed to ''W. B. Parsons, 2nd Vice-President, Equitable Life Assurance Society of the United States, 393 Seventh Avenue, New York City, New York, a letter dated February 13th, 1933, at 11:16 A. M., and with such letter was enclosed the affidavit of Dr. F. M. Picklesimer, dated October 21st, 1932.'' The statement of Dr. Picklesimer, referred to above, describes Daniels' ailments, followed by this statement:

''From the above findings, we estimate this man to be totally and permanently disabled to perform manual labor.''

It was stipulated that in response to Z. Wells' letter, the Equitable inclosed forms for the completion of the proof of his disability. These forms were received by Wells, but never filled out by Daniels or his physician, and returned to the Equitable.

No other notice or attempted proof of disability was delivered by Daniels, or any one for him, to the

Equitable, or any one for it. The testimony that he became totally and permanently disabled on April 6, 1930, in the manner and to the extent disclosed by the evidence, and that it was continuous and permanent from that date to the filing of this action, October 13, 1933, may be accepted as uncontradicted. The Equitable pleaded as a bar to his recovery the provisions of the policy hereinbefore quoted. The pleadings and evidence disclose that Daniels utterly failed to comply with this provision by presenting to the Equitable proof of his disability "before the expiration of one year from the date of its commencement." This failure to present to the Equitable proof of his disability for more than one year next after its commencement precludes his right to recover. A like provision was recently before us in Equitable Life Assurance Society of United States v. Harry Adams, 259 Ky. 726, 83 S. W. (2d) 461. It was therein considered valid and enforceable. Our opinion in that case is conclusive in the present one.

Wherefore, the judgment is reversed, with directions to award the Equitable a new trial and for proceedings consistent herewith.