## Equitable Life Assur. Society of United States v. Elkins.

(Decided Nov. 29, 1935.)

W. M BULLITT, EUGENE B. COCHRAN and BRUCE & BULLITT for appellant.

KIRK & WELLS and Z. WELLS for appellee.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

This is an appeal from a judgment of the Johnson circuit court based on the verdict of a jury against appellant on a claim of total and permanent disability arising under a group insurance policy.

Appellee, Elkins, commenced working for the Consolidation Coal Company June 12, 1931. On July 1, 1931, he became insured in the appellant company. On August 1, 1931, his policy was enlarged by including therein insurance, during the term of the policy, against total and permanent disability from disease occurring more than six months after the effective date of his insurance. It was provided that the appellant would

make payments in accordance with the schedule set out in the policy "upon receipt of due proof of such disability before the expiration of one year from the date of its commencement."

In March, 1932, the mine in which Elkins was employed closed down, and he, together with a number of other employees, was discharged. Under the provisions of the policy, his discharge operated to terminate the policy on March 31, 1932. At that time, Elkins says, he was suffering from symptoms later diagnosed as arising from heart trouble of a serious nature. On September 23, 1932, Elkins was examined by Drs. Picklesimer, Castle, and Wells, who jointly signed a written statement concluding:

"From the above findings we estimate this man to be totally and permanently disabled from performing manual labor."

Nothing was said in the statement as to the date on which the disability had commenced, nor was it verified in any way.

On February 13, 1933, counsel for Elkins wrote a letter to appellant's second vice-president, inclosing the statement of the doctors in regard to his condition in the September preceding, together with statements by one or more of the same doctors concerning six other individuals claiming total and permanent disability under the same group policies. Demand was made for payment of the insurance in each case. The foregoing letter and the statement of the doctors are in the record attached to a stipulation which concludes:

"The plaintiff and his attorneys and agents did not at any time or place deliver to the defendants or its agents, and the defendants or its agents did not at any time or place receive any other written proofs of claim of the alleged total and permanent disability of the plaintiff except those attached hereto."

On February 25, 1933, appellant acknowledged receipt of the letter written by Elkins' counsel and inclosed with its letter forms for the insured persons and their physicians to fill out, stating that, "Upon receipt of the completed blanks at this office, the matter of a claim will have our further consideration." It is agreed that this letter was received by counsel February 27, 1933, but nothing was ever done about it.

We have but recently had occasion to sustain, as reasonable, the provision contained in this policy requiring due proof of disability "before the expiration of one year from the date of its commencement." Equitable Life Assur. Soc. of United States v. Adams, 259 Ky. 726, 83 S. W. (2d) 461, 462. Strict, technical compliance with this, or like provisions in similar policies has never been exacted by this court. Prudential Ins. Co. v. Dismore, 254 Ky. 725, 72 S. W. (2d) 433, and cases there cited. At the same time, substantial compliance has been required where, as here, the provision is a legitimate one and the time allowed is reasonable.

There is a patent difference between notice of loss and proof of loss. If we concede that the letter of Elkins' counsel was notice to the appellant of a disability, there was nothing in the statement of the doctors accompanying it to indicate that the disability was one arising during the life of the policy. Assuming that the unverified statement of the doctors was proof of anything, at the most it showed that Elkins was disabled six months after the policy expired. There was no waiver of proof by the appellant. Within ten days after receipt of the letter from Elkins' counsel, forms for proof of disability were forwarded with the assurance that upon their return the claims would receive further consideration. Had they been properly filled out and returned, a different case might be here presented: They were not returned, and appellant was therefore entitled to the directed verdict it asked.

Other questions are presented, which we do not deem it necessary to consider.

Judgment reversed for proceedings consistent herewith.