## Wright v. Phoenix Mutual Life Insurance Co.

(Decided Feb. 7, 1936.)

WILLIS STATON for appellant.

J. J. MOORE and HENRY J. SCOTT for appellees.

## Opinion of the Court by Judge Stites—Affirming.

Dr. T. G. Wright has appealed from a judgment of the Pike circuit court denying recovery for alleged total and permanent disability under a policy of insurance in the Phœnix Mutual Life Insurance Company. The policy was issued to appellant in 1921, and contains this provision:

"If, while this policy is in force and there is no default in payment of any premium hereunder, due proofs shall be received at the Home Office of the Company that the insured hereunder, before attaining the age of sixty years, has become totally disabled, through sickness or accident, * * * so that he is then and presumably will be thereby permanently incapacitated from engaging in any gainful occupation, the Company will during the lifetime of the insured and while such total disability continues, waive each subsequent premium hereunder as it shall become due, and, beginning at the date of receipt of such proof of disability, will pay to the insured the monthly income described on the first page hereof."

It was likewise provided that such total disability would be presumed to be permanent if it existed continuously for a period of at least six months. Appellant claimed that he was taken ill with influenza and was forced to quit work in December, 1928; that he suffered from low blood pressure and myocarditis; that during the period between December, 1928, and June, 1932, he was at times mentally deranged, and during all of said period was totally and permanently disabled. On the other hand, it was shown by the defendant that during this period appellant made two trips to Florida

and made monthly trips to Louisville to visit his family; that he was engaged in stock market operations during 1929; and that he to some extent supervised the management of various properties which he owned in Harlan. He admits that he has now recovered from his disability. In December, 1931, appellant wrote to the insurance company requesting information as to whether or not his policy coverage extended to his situation. Following the exchange of several letters, appellant prepared and filed proof of disability in September, 1932. It is alleged, and not denied, that during this entire period he has paid the premiums on the policy when due. Following the denial of his claim by the insurance company after receipt of the proofs, this action was filed in December, 1932, seeking to recover disability benefits at the rate of $50 per month from December, 1928, until June, 1932, and to recover four premiums paid during this same period aggregating $845.80. At the conclusion of all of the evidence the trial judge peremptorily instructed the jury to find a verdict for the defendant on the ground that liability for disability payments under the policy began only from the date of the receipt of proof of such disability, and that the evidence showed without contradiction that at the date when the proofs were furnished in this case appellant was not disabled—indeed, that he was not even asking for disability benefits beyond the date six months previous to the filing of the suit.

In his motion and grounds for a new trial appellant complains of the action of the court in sustaining the defendant's motion for a directed verdict, and also complains of its action in the admission and rejection of evidence. In this court he claims: (1) That by relying on other defenses also the insurance company waived its defense based on the failure to furnish proof of disability; and (2) that the court should not have given the peremptory instruction to the jury to find for the defendant.

Appellant relies on the case of Pennsylvania Fire Ins. Co. v. C. D. Young & Co., 78 S. W. 127, 25 Ky. Law Rep. 1350, which is included in that line of cases deciding that where, by the terms of a policy, the assured could not maintain an action thereon without making the required preliminary proofs, and the company denies its liability and refuses to pay upon other

grounds which would not have been removed by such proofs, then the proofs would have been futile and therefore need not be made. In the case at bar there was no time fixed within which proof of disability must be made in order to obtain prospective benefits, and the insurance company took no position inconsistent with its reliance upon the strict terms of the policy. Proof of disability was not a condition precedent to the right to bring an action, but was a condition precedent to the right to require payments. The fact that the company denied in its answer that appellant was totally disabled during the period for which he made a claim was not inconsistent with, nor a waiver of, the further defense that during this same period he had failed to furnish it with proofs of disability, which in any event was a condition precedent to liability to make payments under the policy. Western & Southern Life Ins. Co. v. Robertson, 255 Ky. 13, 72 S. W. (2d) 718; Equitable Life Assur. Soc. of United States v. Elkins, 261 Ky. 591, 88 S. W. (2d) 37; Equitable Life Assur. Soc. v. Adams, 259 Ky. 726, 83 S. W. (2d) 461; Equitable Life Assur. Soc. v. Daniels, 261 Ky. 351, 87 S. W. (2d) 960; Mutual Life Ins. Co. of New York v. Smith, 257 Ky. 709, 79 S. W. (2d) 28.

In the case of Mutual Life Ins. Co. of New York v. Smith, supra, we held that under a life policy providing for benefits in the event of disability, provided the insured furnished due proof of disability, and the insured did not furnish such proof until six years after the disability commenced, under the terms of the policy there involved the insured could recover benefits accruing after the proof was furnished, but could not recover benefits which might have accrued prior to that time. It was likewise held that the same rule applied to the waiver of premiums. The application of the rule announced in that case to the circumstances presented here is patent. Even if we assume that the insured was totally and permanently disabled, within the meaning of the policy, during the period from 1928 to 1932 (and this is doubtful, to say the least), nevertheless no proofs of such disability were furnished until several months after the insured had admittedly recovered from the disability, and when under no circumstances was he entitled to further benefit. Compare Prudential Ins. Co. v. Bond, 261

Ky. 808, 88 S. W. (2d) 988. It follows that the trial court did not err in directing a verdict for the defendant.

Judgment affirmed.