## Equitable Life Assur. Soc. of the United States v. Branham's Adm'x.

(Decided March 20, 1936).

WILLIAM MARSHALL BULLITT, EUGENE B. COCHRAN, and BRUCE & BULLITT for appellant.

HOWARD & MAYO for appellee.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

In 1929 the Equitable Life Assurance Society wrote two group policies for the Consolidation Coal

Company. Policy No. 3028 provided for the payment of a lump sum (in this case $1,250) upon the death of the insured employee, or, if the employee became totally and permanently disabled, it provided for the payment of twenty-five monthly installments of $51.39 each. By group policy No. 3029 the insurance company agreed to pay $12 weekly for a maximum period of thirteen weeks for "temporary total disability" resulting from either accident or disease. On August 26, 1929, appellee's intestate, Lewis Branham, became insured under these two policies and was issued a single individual certificate setting out that he was insured under policies 3028 and 3029 against (1) death or total permanent disability while employed, and (2) temporary total disability arising from accident or disease while employed.

During the month of September, 1930, Branham became ill, and under date of September 29, 1930, the Consolidation Coal Company made a report to the disability claim division of the insurance company, on the form used in reporting temporary total disability cases, accompanied by a statement of the attending physician setting out that Branham had become ill on September 18, 1930, and that the physician was unable to say when he would be able to return to work. Pursuant to this notice, Branham says that the insurance company paid him at the $12 rate a total of $36 less a monthly premium on his policy. The insurance company, on the other hand, contends that it paid him by check dated October 1, 1930, the sum of $9.37 (being $12 less the monthly premium); by check dated October 8, 1930, the sum of $12; and by check dated October 14, 1930, the sum of $6; and that the check dated October 14, 1930, provides that it is "in final settlement of claim due him under group accident and health policy No. 3029." The checks were introduced in evidence, and Branham categorically denied that he received or endorsed the $6 check marked "in final settlement."

The insurance company filed a copy of a "final statement" by the company physician who treated Branham, showing that he returned to work October 13, 1930. Branham admits that he did return to the mine on that day, but says he was never able to work. He went to his home, and did not thereafter notify either

the coal company or the insurance company of his condition. The insurance company likewise filed what it denominated a "termination schedule" received from the coal company, in which the insurance of some twenty employees (including Branham) was directed to be terminated, and the employee of the coal company who handled matters of this kind testified that she was in charge of records in this connection and that Branham's employment and insurance were terminated because of "absenteeism."

It it not charged that Branham furnished any proof of disability "within one year after the date of its commencement" to the insurance company, other than is contained in the proof of sickness given by the coal company to the insurance company under date of September 29, 1930, and it is not disputed that the "final statement" was furnished to the insurance company under date of October 13, 1930, although Branham denies having any knowledge of the fact that this statement was furnished.

The only question for decision is whether or not Branham lost his right to recover under his policy because of his failure to make out and file proofs of disability, other than the one furnished under the accident and health policy, within one year. To put the question conversely, Was the proof filed under the accident and health policy a sufficient compliance under the circumstances with the requirement that the insured file due proof of total and permanent disability within one year after the date of its commencement? We have repeatedly sustained the provision in this same policy, No. 3028, requiring due proof of disability before the expiration of one year from the date of its commencement. Equitable Life Assurance Society v. Adams, 259 Ky. 726, 83 S. W. (2d) 461; Equitable Life Assurance Society v. Daniels, 261 Ky. 351, 87 S. W. (2d) 960; Equitable Life Assurance Society v. Elkins, 261 Ky. 591, 88 S. W. (2d) 37; Equitable Life Assurance Society v. Skaggs, 262 Ky. 535, 90 S. W. (2d) 731, decided February 7, 1936. Appellee does not dispute the authority of these opinions. It is argued on his behalf, however, that the insurance company denied liability under the policy, and therefore waived its right to require proofs of disability. It is asserted that appellant arbitrarily stopped making payments of the benefits

fixed by policy No. 3029 for total temporary disability, and that the effect of this was to deny all liability. National Life and Accident Ins. Co. v. Hedges, 233 Ky. 840, 27 S. W. (2d) 422. In response to this contention, appellant relies on the undisputed fact that it was notified by the coal company that Branham had returned to work and that it was in reliance on this notice, received from the same source as the notice of temporary disability, that it stopped making the payments of $12 a week. Certainly its action in reliance on this notice was not arbitrary or unreasonable, and clearly it was not a denial of all liability on the policy for appellant to cease making payments on the faith of the notice. Appellant took no inconsistent position in dealing with Branham, and, on the contrary, the very fact that it suspended payment for temporary total disability would seem to result in bringing it sharply to Branham's attention that something should be done by him to collect on his policy. Instead of doing anything, it is admitted that he did not even notify his employer of his illness, much less furnish proofs of loss to the insurance company.

The proof of disability furnished under policy No. 3029 did not purport to show more than temporary total disability, and was accepted as such by the insurance company, as is evidenced by the fact that it admittedly made payments of $12 a week as provided in the accident and health policy. Clearly, when the insurance company accepted the proof of temporary total disability under policy No. 3029, it accepted the proof at its face value and paid everything that was asked. When it received the notice that the temporary total disability had stopped, it did not deny liability under the policy; it simply assumed that the claim made had been satisfied. We cannot discover in these facts a waiver of its right to proof of total and permanent disability within one year under a different provision of another policy. There was no duty under the contract for it to investigate Branham's condition when it paid everything that was claimed on his behalf. Even if it had paid $12 a week for the full thirteen weeks provided for the temporary disability, there was nothing shown that would even then have put it on notice that the disability was permanent, and the claim here asserted is solely for permanent total disability.

There does not seem to be any question but that Branham was actually totally and permanently disabled. In fact, he died shortly after the trial below. However, we cannot make a contract for the parties, and howsoever unfortunate it may be to deny recovery in this case, the appellant is entitled to rely on the legitimate provisions contained in its policy, and we have no choice but to give them effect.

Judgment reversed.

Whole court sitting.