## Equitable Life Assur. Soc. of the United States v. Price.

(Decided Oct. 27, 1936.)

WM. MARSHALL BULLITT, EUGENE B. COCHRAN and BRUCE & BULLITT for appellant.

Z. WELLS for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

On June 1, 1929, C. C. Price, employed as a trackman by the Consolidation Coal Company, became insured by group policies numbered 3028 and 3029, issued by the Equitable Life Assurance Society of the United States. The former policy provided for indemnity for total and permanent disability, and the latter covered temporary disability from accident or disease. In

March, 1930, an electric light bulb exploded near Price's head, causing some injury to his hearing and possibly to his sight. He quit his employment then, but went to work elsewhere shortly thereafter, and seems to have been pretty regularly employed since then. For a year or more before the trial of his case he worked as a trackman for another mining company.

On June 7, 1933, through his attorney, Price mailed to the Equitable Life Assurance Society a doctor's affidavit to the effect that he had two dislocated vertebræ in his back, and in the affiant's opinion was totally and permanently disabled from "performing manual labor, such as mining coal or other like work." Suit was filed on this claim on October 16, 1933. It was alleged that Price "on or about March 14, 1930, became totally and permanently disabled as the result of injury and disease affecting his head and ears, eyes and back," and was entitled to recover 20 monthly disability installments of $51.04 under his certificate and policy No. 3028. The answer pleaded that the defendant did not receive any proof of disability before the expiration of one year of the commencement of plaintiff's alleged disability. This was merely traversed in the reply. At a trial held in February, 1935, a verdict was returned for the plaintiff. The defendant appeals from the judgment thereon.

We need not go into the matter of an absence of any meritorious claim under the policy. The provision in this insurance contract conditioning the payment of indemnity upon "receipt of due proof of such disability before the expiration of one year from the date of its commencement" is valid and binding. Equitable Life Assurance Society of United States v. Adams, 259 Ky. 726, 83 S. W. (2d) 461, and several subsequent cases. The matter of waiver of proof, such as appeared in Equitable Life Assurance Society of United States v. Witten, 265 Ky. 448, 97 S. W. (2d) 17 (decided October 6, 1936), and other cases, is not involved.

Counsel for the appellee argues that the construction of this insurance contract, that the filing of proof of disability is a condition precedent to recovering any indemnity, is not the proper one, and that the provision should be construed as being only a condition to the maintenance of a suit thereon. The court is not disposed to overrule these several opinions, and adheres to the interpretation heretofore given the contract.

In September, 1930, Price made a claim for indemnity because of an injury suffered by glass or other material entering his ears and eyes when the electric lamp exploded. This was under the temporary disability policy No. 3029. The right to recover was recognized and payments were made accordingly. It is submitted that this notice and admission was a sufficient compliance with the terms of the other policy covering total and permanent disability. The point was decided adversely to this contention in Equitable Life Assurance Society of United States v. Branham's Adm'x, 263 Ky. 404, 92 S. W. (2d) 357. This case is covered in its entirety by that opinion.

The trial court should have directed a verdict for the defendant, because of the failure of the insured to conform to the terms of his contract respecting the filing of proof of disability.

Judgment is reversed.