# Equitable Life Assur. Soc. of the United States v. George.

(Decided Oct. 30, 1936.)

832

WM. MARSHALL BULLITT and EUGENE B. COCHRAN for appellant.

EDWARD L. ALLEN and JOE P. TACKETT for appellee.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

Appellee, Bill George, was employed by the Inland Steel Company, at Wheelwright, Ky., during 1931 and until February 19, 1932. On January 1, 1931, George became insured for $1,000 under a group life insurance policy carried for the benefit of its employees by the Inland Steel Company in the Equitable Life Assurance Society. The policy provides for the payment of $1,000 to George's beneficiary if he should die while employed by the Inland Steel Company, and that it should be paid to George himself, in lieu of death benefits, if, while the policy is in force, he should become "totally and permanently disabled by bodily injury or disease and will thereby presumably be continuously prevented for life from engaging in any occupation or performing any work for compensation of financial value." The policy further provides that "upon receipt of due proof of such disability before the expiration of one year from the date of its commencement," the Equitable will pay the benefits therein provided.

George had a cough for four or five months before he quit work in February, 1932, and he claims that by reason of this cough he was unable to sleep at night. No physician treated him for this cough, and he made no claim that he was unable to work prior to February 19, 1932, when he left the employment of the Inland Steel Company. The time sheets of his employer indicate that he worked full time at full pay until the day he severed connection with the Inland Steel Company. George had likewise suffered for a number of years from a right inguinal hernia, but asserts no claim of disability on this score. Almost a year after quitting work George was examined by a Dr. Ramey, who found that he was

suffering from the hernia, chronic bronchitis, hardening of the arteries, and conjunctivitis. In October, 1934, George was examined by a Dr. Stephens, who found the hernia, high blood pressure and some hardening of the arteries, together with the chronic bronchitis and inflammation of the eyes. Both doctors gave it as their opinion that George was totally and permanently disabled, within the meaning of the policy, at the times when they examined him, but neither of them undertook to say that this disability commenced within the time when George was employed by the Inland Steel Company and the policy was in force. Dr. Stephens based his opinion of George's total disability upon the condition of his blood pressure and on the hernia. He thought that the bronchitis might respond to treatment. Dr. Ramey did not undertake to specify which particular ailments formed the basis of his opinion as to George's total disability, but declined to state definitely whether or not the chronic bronchitis might be cured. He said, however, that it seemed to have existed for perhaps as much as six months prior to the date of his examination in February, 1933. This, of course, did not fix its inception within the time when the policy was in force.

The appellant contends that the judgment must be reversed for the reasons (1) that it received no due proof of disability before one year from the date of its commencement, and (2) that there was no evidence that George was totally and permanently disabled on or prior to February 19, 1932.

Appellant relies on the numerous decisions of this court sustaining its right to demand due proof of disability "before the expiration of one year from the date of its commencement." Equitable Life Assurance Society v. Adams, 259 Ky. 726, 83 S. W. (2d) 461, 463; Equitable Life Assurance Society v. Daniels, 261 Ky. 351, 87 S. W. (2d) 960; Equitable Life Assurance Society v. Elkins, 261 Ky. 591, 88 S. W. (2d) 37; Equitable Life Assurance Society v. Skaggs, 262 Ky. 535, 90 S. W. (2d) 731. The facts presented here, however, show, at least prima facie, that the insurance company waived its right to insist upon due proof of loss through an unequivocal denial of all liability under the policy. Under date of February 1, 1933 (within one year after the commencement of the claimed total disability), George's attorney wrote a let-

ter to the appellant insurance company and sent a copy of it to the Inland Steel Company, in which he asserted that George had become totally and permanently disabled on February 19, 1932, and requested that necessary blanks for proof of claim be sent to him. Under date of February 11, 1933, the superintendent of the Inland Steel Company wrote to the attorney, saying: "We have gone over all circumstances in connection with this case, and we cannot file a claim for him for permanent disability within the meaning of the policy." Under date of February 17, 1933, the insurance company acknowledged receipt of the attorney's letter of February 1, but did not send him the necessary papers for proof of loss. On the contrary, it requested the attorney to get in touch with the chief clerk of the Inland Steel Company at Wheelwright "for all further information in this connection." There is no further evidence to show any agency between the appellant insurance company and the Inland Steel Company or to show that the insurance company authorized the refusal by the steel company to file a proof of claim. Certainly, however, in the absence of some evidence to show that the steel company was not authorized to deny liability on its behalf, the letter from the insurance company directing the claimant to consult the chief clerk of the steel company, and the insurance company's failure to furnish the blanks for proof of loss as requested, when coupled with the prior refusal of the steel company to act, show at least prima facie a waiver of the right to demand due proof of disability. Equitable Life Assurance Society v. Witten, 265 Ky. 448, 97 S. W. (2d) 17, decided October 6, 1936.

The only evidence indicating that George was disabled on or prior to February 19, 1932, rests in the testimony of George himself to the effect that for four or five months prior to the time that he ceased to work for the Inland Steel Company his cough was so bad that he could not sleep at night and that he was therefore unable to work. There is nothing in this testimony to indicate that the disability arising therefrom was total or permanent. No matter how completely disabled he might have been at that time, it was not such a disability as is contemplated in the policy, unless it was both total and permanent. The medical testimony concerning George's disability relates to a period in one case almost

a year after the policy expired, and in the other case approximately eighteen months after the policy expired. Neither of the doctors who testified undertook to rest their conclusions of George's disability on the fact of his bronchitis alone. On the contrary, one of the doctors, at least, considered the bronchitis to be a minor ailment, and based his conclusion of total and permanent disability entirely on high blood pressure and the hernia. As set out above, the hernia had existed for many years prior to the issuance of the policy, and there is no showing whatever that the high blood pressure existed prior to the date of the examination made of George in February, 1933. There was, therefore, an utter failure to prove that George became totally and permanently disabled while the policy was in force. This was an essential link in his case. Under the circumstances, it is clear that the appellant was entitled to have its motion for a peremptory instruction sustained.

Judgment reversed.