## Equitable Life Assurance Society of the United States v. Penix.

(Decided Nov. 27, 1936.)

WM. MARSHALL BULLITT, EUGENE B. COCHRAN, and BRUCE & BULLITT for appellant.

Z. WELLS for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Reversing.

During the year 1929 appellee was employed by the Consolidation Coal Company as a miner. Appellant had theretofore issued to the coal company a group policy for the benefit of its employees. Appellee held certificates controlled by a master policy, under the terms of which he was to be paid by the insurer a certain sum per month for a period of twenty-four months in the event that while still in the employ of the coal company, and before attaining the age of sixty years, he should become totally and permanently disabled by bodily injury or disease. The policy contained the provision that disability income would be paid "upon re-

ceipt of due proof of such disability before the expiration of one year from the date of its commencement.''

On October 3, 1933, appellee instituted suit seeking to recover of the insurer $1,284.75, with interest from August 4, 1930. This claim for indemnity was based on an allegation that he had become totally and permanently disabled on the last-named date, also alleging that he had complied with all provisions and conditions of the policy, including the furnishing of due proof of disability, but failing to specify the time such due proof was filed.

Appellant answered, denying the allegations of the petition and affirmatively pleaded that no ''due proof'' of disability had ever been filed, but that an alleged and insufficient proof was filed with it about February. 15, 1933.

Issues were properly joined by pleadings; proof was heard; and upon submission the jury found for appellee in the total amount asked. A motion for a new trial was overruled, judgment was entered, and the appeal is prosecuted. Two grounds are advanced for a reversal: (1) The document filed with the company did not constitute ''due proof'' of disability, and (2) the proof, if such it be, was not filed within the time provided. It is necessary, as we view the case, to consider only the second ground.

Appellee became ill in June, 1930, and reported to the company's physicians. They diagnosed his trouble as gastritis. Later he was sent back to work. He undertook to work, but was unable to do so. This was some time in July. On August 4, 1930, he was relieved from service. After that he worked as a deputy constable for more than a year. He worked 111 days on relief work, assisting in building the Johnson county jail, and afterwards worked on a school building as carpenter and tool dresser.

From August 4, 1930, up to February, 1933, he did not consult with, seek or receive treatment from, any physician. On the last-named date he was examined by three physicians who pronounced him suffering with a serious heart ailment. Report of this was made to the insurer in February, 1933, more than two and a half years after the commencement of his disability. Appellee admits that he made no report of his disability

prior to the proof of February, 1933, and it is stipulated by the parties that the report of that date is the only proof furnished to appellants.

On trial appellants moved for a peremptory instruction, but the court overruled the motion and instructed the jury that they should find for appellee if they believed that the proof had been furnished to insurer within a reasonable time after the commencement of the disability. Under the facts, this was error, as was the refusal of the court to direct a verdict for appellant on the proof. The motion for a peremptory should have been sustained.

In Equitable Life Assurance Society v. Branham's Adm'x, 263 Ky. 404, 92 S. W. (2d) 357, we had under consideration the same question here presented, with relation to the same provision in the same policy, and held that the provision of the policy was valid, and that a failure to comply barred recovery. This case approved Equitable Life Assurance Society v. Daniels, 261 Ky. 351, 87 S. W. (2d) 960; Equitable Life Assur. Soc. v. Elkins, 261 Ky. 591, 88 S. W. (2d) 37; Equitable Life Assur. Soc. v. Skaggs, 262 Ky. 535, 90 S. W. (2d) 731, and Equitable Life Assur. Soc. v. Adams, 259 Ky. 726, 83 S. W. (2d) 461, 464. In the last-named case we said:

"The allegations of Adams' petition and his testimony, without contradiction, show that he did not furnish to the Equitable proof of his disability within twelve months after its commencement, hence it was entitled to a directed verdict."

The cases cited are conclusive of one question here presented, and it is unnecessary to discuss the other. Expression of opinion thereon is reserved.

Judgment reversed with directions to grant appellant a new trial consistent with the foregoing opinion.