## Carter v. Aetna Life Ins. Co. of Hartford, Conn.
(Decided March 1, 1938.)

H. O. WILLIAMS and R. TODD HAYS for appellant.

CRAWFORD, MIDDLETON, MILNER & SEELBACH for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

The Ætna Life Insurance Company of Hartford, Conn., issued to the Standard Sanitary Manufacturing Company, of Louisville, a group policy insuring its employees against total and permanent disability, and on June 18, 1926, a certificate of insurance was issued to Walter Carter, who had been in the company's employ for a number of years. The master policy, subject to which the certificate was issued, contained a provision by which the Insurance Company obligated itself to pay to the employee the amount of insurance in force upon his life at the time such disability commenced in lieu of all other benefits, "upon receipt at the home office of the Company during the continuance of insurance on such employee of satisfactory evidence of such disability." The policy also provided:

"This insurance will be terminated whenever said employee, for any reason whatsoever, ceases to be in the employ of said employer."

The Insurance Company defended on the ground that Carter voluntarily left the employ of the Manufacturing Company on May 11, 1927, that the insurance issued to him was cancelled on May 31, 1927, and that no claim was presented and no evidence of disability was received by the home office of the Insurance Company during the continuance of the insurance. The defenses were put in issue by reply. At the trial a jury was impaneled, and the case was stated to the jury by counsel for each side. Being of the opinion that the evidence which counsel for plaintiff offered to produce was not sufficient to show that satisfactory evidence of plaintiff's disability was received at the home office during the continuance of the insurance, the court on its own motion instructed the jury to find for the Insurance Company. Carter appeals.

There is no objection to the practice of giving a peremptory instruction after the opening statement of counsel. Falls City Plumbing Supply Company v.

Jake's Foundry Company, 223 Ky. 420, 3 S. W. (2d) 1071. The reason for the rule is apparent. If counsel admits that he is unable to prove facts essential to a recovery, or to disprove facts fatal to a recovery, there is no need of going to the trouble and expense of hearing evidence which, it is known in advance, will be insufficient. Of course the trial court should be careful to see that counsel is not the victim of inadvertence or misunderstanding, but with full appreciation of the situation is unable to meet it. The practice was approved by the Supreme Court of the United States in Oscanyan v. Winchester Repeating Arms Company, 103 U. S. 261, 264, 26 L. Ed. 539, and the proper method of procedure outlined as follows:

> "Of course, in all such proceedings nothing should be taken, without full consideration, against the party making the statement or admission. He should be allowed to explain and qualify it, so far as the truth will permit; but if, with such explanation and qualification, it should clearly appear that there could be no recovery, the court should not hesitate to so declare and give such direction as will dispose of the action."

We come then to the propriety of the court's ruling. The first question presented is whether, in the circumstances, notice to the employer of Carter's disability was sufficient? Ordinarily, the employer is the agent of the employee and not of the insurer, Equitable Life Assurance Society v. Hall, 253 Ky. 450, 69 S. W. (2d) 977, and therefore notice of disability to the employer is not notice to the insurer. But it does not follow that that is always the case. Thus in Equitable Life Assurance Society of United States v. Reynolds, 259 Ky. 504, 82 S. W. (2d) 509, it was stipulated that proof of claim was mailed to Mr. Roy Stalnaker, c/o the American Rolling Mill Company, Ashland, Ky., and that he was the personal supervisor of the American Rolling Mill Company, and the proper official of that company to receive such proof. Here counsel stated that he would prove that on the 11th day of May, 1927, plaintiff was compelled to stop work because of his condition, that he sent word by one of his co-workers at the Manufacturing Company, namely, Roger Loveing, to his boss and immediate superior in charge, and that with the knowledge of the Insurance Company this was the cus-

tomary method in vogue at the plant of notifying that a person injured under the policy was sick, and that the Manufacturing Company thus acted as agent for the Insurance Company and notified it of the employee's claims. Manifestly, if Carter could show that, with the knowledge and acquiescence of the Insurance Company, it was customary for the injured employee to give notice of his disability to the Manufacturing Company, and that he followed the custom, such notice was sufficient.

But, as Carter may not be able to show the custom, it becomes necessary to consider the defense that the insurance was terminated when Carter quit work, and the further defense that no evidence of disability was received at the home office of the Insurance Company during the continuance of the insurance. It appears that Carter offered to prove by competent evidence that he had been in the employ of the Manufacturing Company for several years, and that some time prior to May 11, 1927, he became totally and permanently disabled by disease, and that on May 11, 1927, his condition was such that he was forced to go to bed and not return to work. Of course, if Carter, while suffering no disability, voluntarily quit work, his insurance then ceased; but not so if he was forced to quit work on account of his disability. Ætna Life Insurance Company of Hartford, Conn. v. Castle, 252 Ky. 228, 67 S. W. (2d) 17. But attention is called to cases such as Equitable Life Assurance Society of United States v. Adams, 259 Ky. 726, 83 S. W. (2d) 461, Equitable Life Assurance Society of United States v. Price, 265 Ky. 774, 97 S. W. (2d) 810; and Equitable Life Assurance Society of United States v. Branham's Adm'x, 263 Ky. 404, 92 S. W. (2d) 357, holding that there can be no recovery where the insured fails to furnish proof of disability within the time required by the policy, and the claim is made that the case under consideration falls within that rule, as proof of disability was not furnished by Carter during the continuance of the insurance. The difficulty with this position grows out of the fact that Carter offered to prove that he was totally and permanently disabled before he stopped work and before the policy was canceled. If that be true, it is no defense that the Insurance Company canceled the policy and thus prevented notice of disability from being given during the

continuance of the policy, it being the rule that to defeat the right to recovery by cancellation it must be made before liability has attached. Ætna Life Insurance Company of Hartford, Conn. v. Gullett, 253 Ky. 544, 69 S. W. (2d) 1068. It follows that the peremptory should not have gone.

Judgment reversed, and cause remanded for a new trial not inconsistent with this opinion.