## Equitable Life Assur. Soc. of the United States v. Adams.

(Decided May 13, 1938.)

WILLIAM MARSHALL BULLITT, EUGENE B. COCHRAN and BRUCE & BULLITT for appellant.

JOHN HARRINGTON for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

In an opinion which may be found in 259 Ky. 726, 83 S. W. (2d) 461, this court reversed a judgment Harry Adams had obtained against the present appellant. After the return of the case a second trial was had, which resulted in a similar verdict, and reference is now had to the former opinion for the facts and the amount of this verdict.

In the former opinion it was held that Adams had first given notice of his disability on the 27th day of March, 1933, and that he could not recover for any disabilities which began more than 12 months before that time.

Upon the return of the case Adams filed an amended petition in which he says:

"Plaintiff says that by mistake or oversight in drafting his original petition herein, the following statements occur on third page and third paragraph, also on fourth page, and fourth line of the prayer, 'that the plaintiff became permanently disabled on the 10th day of March, 1932,' which statement plaintiff withdraws from said petition, and this action, and in lieu thereof, and for amendment to his original petition after re-affirming each and every allegation of his original petition herein, except the statements withdrawn as above referred to and makes same a part hereof.

"He says that while the policy referred to in the original petition herein was in full force and effect, to wit the 31st day of March, 1932, that he

became permanently and totally disabled by reason of a disease known as 'Chronic Valvular Heart Disease', and disease of the entire body, and that by reason of said disease, on the 31st day of March, 1932, he became permanently and totally disabled.''

By the terms of this contract of insurance Adams was only insured during the time that he was employed by the Consolidation Coal Company. He was discharged from the coal company's employment some time in the day of March 31, 1932, which it will be noted is the day upon which he says in his amended petition that he became permanently disabled. Thus he has limited by his pleading the time for the onset of his permanent disability to that period which elapsed between the earliest part of that day and that time in the same day at which he was discharged, thus setting for himself a very narrow limit of time in which his permanent disability had to begin.

Adams was taken sick on December 24, 1931. As a result of that illness he did not work again until February 23, 1932. On March 12, 1932, Adams had to quit work again, but claims he had completely recovered on the 30th of March, 1932, and presented himself for work on the next day, March 31, 1932, at which time the Coal Company discharged him. Adams claims that during these periods of time he was merely temporarily disabled and admits that he had been paid for those periods and now claims and has recovered a permanent disability which overtook some time in the early part of the day of March 31, 1932.

We do not know how serious these disabilities were, but the doctors at the Golden Rule Hospital testify that Mr. Adams first came to see them about his condition on March 23, 1933, almost a year after the onset of what he now claims is a total, permanent disability that had overtaken him on the 31st day of the previous March.

Divers questions are raised regarding the action of the court in permitting this petition to be thus amended and regarding the rulings made on the evidence, but we are deciding but one question and are reserving the others. The question we are deciding is that this verdict is flagrantly against the evidence, and it is therefore reversed.

Judgment reversed.