## MILLS v EQUITABLE LIFE ASSURANCE SOCIETY OF THE U S

Ohio Appeals, 2nd Dist, Franklin Co

No 2883. Decided Oct 8, 1938

Owen B. Sherwood, Columbus, for plaintiff-appellant.

Arnold, Wright, Purpus & Harlor, Columbus, and Earle E. Morris, Columbus, for defendant-appellee.

## OPINION

By BARNES, PJ.

The above entitled cause is now being determined on error proceeding by reason of plaintiff's appeal on question of law and fact from the judgment of the Court of Common Pleas of Franklin County, Ohio.

Defendant, the Equitable Life Assurance Society of the United States, on the 11th day of June, 1927, duly issued a policy of group life insurance to the Midland Grocery Company, the employer, and an individual life certificate to plaintiff, an employee. The policy contained, among other things, a total and permanent disability provision, which reads as follows:

"In the event that any employee while insured under the aforesaid policy and before attaining age sixty becomes totally and permanently disabled by a bodily injury or disease and will thereby be presumably continuously prevented for life from engaging in any occupation of performing any work for compensation or financial value, upon receipt of due proof of such disability before the expiration of one year from the date of its commencement, the society will in termination of all insurance of such employee under the policy pay each month disability installments, the number and amount of which shall be determined by the table of installments below; the number of installments being that corresponding to the nearest amount of insurance shown in the table, while the amount of such installments shall be adjusted in the proportion that the amount of insurance on such employee's life bears to the amount used in the table in fixing the number of installments. The amount of insurance herein referred to shall be that in force upon the date upon which said total and permanent disability commenced.

Table of Installments

| | |
|---|---|
| Amount of Insurance | $1000.00 |
| Number of Monthly Disability Installments | 20 |
| Amount of each installment | $51.04" |

Plaintiff in his amended petition asked for recovery of $1020.80 on account of being totally and permanently disabled for life and prevented from engaging in any occupation or performing any work for financial value; that such disability started October 1, 1930, and has been continuous since said date.

Plaintiff never made proof of such a disability direct to the defendant company. but did on or about August 10, 1933, file due proof with his employer, Midland Grocery Company. It being a condition precedent that due proof of disability must be filed before the expiration of one year from the date of the commencement of such disability, nothing can be claimed for the filing with the employer, if for no other reason it was not filed in time. It is contended by the plaintiff that his employer was the agent of the insurance company and that such employer had knowledge at all times of plaintiff's disability.

The allegation of the petition as to agent reads as follows:

"And the agent of defendant for the collection and payment of premiums due under the group insurance; said agent being aware of plaintiff's disability while collecting and paying said premiums to defendant."

In the trial court defendant interposed general demurrer that the petition did not state a cause of action. Upon hearing, the court sustained the demurrer and plaintiff not desiring to plead further the petition was dismissed and judgment entered against plaintiff for costs.

The sole and only question before us is the sufficiency of the petition. It is the claim of the defendant that the petition is defective in that it affirmatively appears

that defendant was not given due proof of such claimed total and permanent disability before the expiration of one year from the date of its commencement.

It is universally held that the due proof provision of an insurance policy of the general nature of those in the instant case is a legal requirement and the failure to comply prevents recovery unless the insurance company, through some action of its agents and employees is estopped to raise the question of due proof.

It is the contention of counsel for plaintiff that the object of due proof is to give notice of disability and that the employer had notice at all times of this disability, and such employer being the agent of the insurance company should not now be permitted to raise the question of due proof.

The difficulty with the plaintiff's position is that the authorities generally hold that notice is not equivalent to due proof, and further plaintiff's allegation of agency is not such as would show authority to receive 'due proof'. The petition states that the employer, The Midland Grocery Company, was agent of the defendant insurance company for the purpose of collection and payment of premiums due under the group insurance.

Furthermore it has been universally held that the mere fact that the employer negotiates for the group insurance and at the same time interests his employees in such insurance securing the insurance securing the employees' certificates for them and afterwards collecting premiums would not constitute such employer an agent of the insurance company for the purpose of receiving due proof. The Court of Appeals of this district in the case of **Samuel v Gem City Life Insurance Company**, had the question under consideration and handed down its opinion March 8, 1932, **12 Abs 569:**

"Automobile Club was the agent for its members in securing insurance for them rather than the agent of the company to sell its insurance and the failure of the club to comply with the terms of the group policy would be an omission of the club rather than of the company."

Other cases making similar holdings are the following:

Duval v Metropolitan Life Ins. Co., 136 Atl., 400 (N. H. 1927).

Leach v Metropolitan Life Ins. Co., 261 P. 603, (Kan. 1927).

Conn. Gen'l. Life Ins. Co. v Speer, 48 SW (2) 553 (Ark. 1932).

State v Conn. Gen'l. Life Ins. Co., 167 SE 833 (S. C. 1933).

Equitable Life Assur. Soc. v Hall, 69 SW (2) 977 (Ky. 1934).

Adams v Metropolitan Life Ins. Co., 74 SW (2) 899 (Mo. 1934).

Dewease v Travelers Ins. Co., 182 SE 447 (N. C. 1935).

People ex Kirkman v VanAmringe, 194 NE 754, (N. Y. 1935).

Lancaster v Travelers Ins. Co., 189 SE 79 (Ga. 1936).

Boseman v Conn. Gen'l. Life Ins. Co., 301 U. S., 196, 81 L. Ed. 1036 (1937).

Bahas v Equitable Life Assur. Soc., 193, Atl. 344 (Pa. 1937).

Barza v Metropolitan Life Ins. Co., 275 NW 238 (Mich. 1937).

The following cases support the principle of law that mere notice that the insured had suffered an accident was not a compliance with the due proof provisions of the policy:

Bahas v Equitable Life Assur. Soc. of U. S,. 193 Atl. 344, 348 (Pa. 1937).

O'Reilly v The Guardian Mutual Life Ins. Co. of N. Y., 60 N. Y. 169 (1875 ).

Inter-Ocean Casualty Co. v Johnston, 47 SW (2d) 696, 699 (Texas 1932).

Central City Ins. Co. v Oates, 6 So. 83 (Ala. 1889).

Smith v Franklin Fire Ins. Co. of Philadelphia, 202 P. 751 (Montana 1921).

DaRin v Casualty Co. of America, 108 P. 649, 651 (Montana 1910).

Peters v Mutual Life Ins. Co. of N. Y., 17 Fed. Supp. 246 (1936).

7 Couch, Cyclopedia of Ins. Law, §1528.

If any authorities are required supporting the principle that the due proof provisions of the policy are conditions precedent to recovery, we refer to the following cases:

Equitable Life Assur. Soc. of U. S. v Adams, 259 Ky. 726, 83 SW (2d) 461 (1935).

Equitable Life Assur. Soc. of U. S. v Donells, 261 Ky. 351.

Equitable Life Assur. Soc. of U. S. v Elkins, 261 Ky. 591.

Equitable Life Assur. Soc. of U. S. v Skaggs, 262 Ky. 535.

It is our judgment that the petition does not state a cause of action and further that the trial court was correct in sustaining the general demurrer.

Finding no prejudicial error judgment of the lower court will be affirmed and costs in this court awarded against appellant.

HORNBECK and GEIGER, JJ, concur.